UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

POLICE JURY BOSSIER PARISH          CIVIL ACTION NO. 15-cv-2157

VERSUS                              JUDGE HICKS

PATRICK DEON BLUEFORD, ET AL        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

The Bossier Parish Police Jury ("Plaintiff") filed suit in the Bossier Parish state district court against a number of defendants to recover the expenses of road repairs required after a tractor-trailer rig allegedly damaged a parish road.  Defendants removed the case based on an assertion of diversity jurisdiction.  Plaintiff filed a Motion to Remand (Doc. 3) on the grounds that the amount in controversy does not exceed $75,000.  For the reasons that follow, it is recommended that the motion to remand be denied.

**Relevant Facts**

Counsel for the plaintiff Police Jury sent a demand letter to one of the insurer defendants in February 2015.  Counsel outlined the facts regarding damage allegedly caused by the tractor-trailer rig, which required Plaintiff to incur the expenses of cleaning up the damages and rebuilding a portion of the road.  The letter set forth a breakdown of those expenses, which totaled $79,480.23.  Counsel asked that the letter serve as a request "for the full amount of damages caused by your insured, in the amount of $79,480.23."

The settlement letter did not lead to a resolution.  Counsel for Plaintiff next sent defense counsel a draft of a state-court petition that included in paragraph nine the same itemized list of damages that were set forth in the demand letter, which totaled $79,480.23. Defense counsel (for two of the defendants) states in the notice of removal that, upon her receipt of the draft petition, she told counsel for Plaintiff that the defendants would remove the case to federal court because there was complete diversity of citizenship and the amount in controversy exceeded $75,000.  She represents that counsel for Plaintiff responded that he would claim damages in an amount less than $75,000 so that the case could stay in Bossier Parish.

Plaintiff filed a petition in the Bossier Parish state court a few days later.  The filed petition is slightly different from the draft.  It does not contain the itemization of damages, and it includes an assertion in paragraph 10 that: "Petitioner stipulates that its damages do not exceed $74,999.99."  The prayer of the petition, however, asks for judgment "for such sums as the Court may direct or for any award justified under law for the damages sustained by Petitioner," as well as expert witness fees and "all general and equitable relief."

Defendants removed the case based on an assertion that the amount in controversy, despite the statement in the petition, actually exceeds $75,000.  A copy of the demand letter and draft petition were attached to the notice of removal.  Plaintiff's motion to remand points to the stipulation in paragraph 10 of its petition and, without any explanation for the change in the amount of damages, argues that the language is a judicial admission that requires remand.

**Analysis**

The sum demanded "in good faith" in the initial pleading is deemed to be the amount in controversy, except that a notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2).  This statutory language is a recent codification of the long-standing jurisprudential rules that begins with the principle that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586, 590 (1938).

The plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."  St. Paul Mercury, 58 S.Ct. at 593.  But the Fifth Circuit, after acknowledging St. Paul Mercury, has stated that the inquiry does not end merely because the plaintiff alleges damages below the jurisdictional threshold.  "The face of the plaintiff's pleading will not control if made in bad faith."  De Aguilar v. Boeing Co., 47 F.3d 1404, 1410 (5th Cir. 1995).

De Aguilar explained that the statement from St. Paul Mercury was premised on the notion that the plaintiff would not be able to recover more in state court than what was alleged in the state court complaint.  Modern practice, however, is that a majority of the

states (and the federal courts) do not limit damage awards to the amounts specified in the *ad damnum* clause of the state pleading.  Many state laws, such as La. C. C. P. art. 893, prohibit plaintiffs from praying for specific amounts.

The Fifth Circuit expressed concern that the new rules have created the potential for abusive manipulation by plaintiffs who may plead for damages below the jurisdictional amount in state court, with the knowledge that the claim is actually worth more, and with the knowledge that they may be able to evade federal jurisdiction yet ultimately recover a greater amount.  De Aguilar, 47 F.3d at 1410, citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir. 1985) ("tactical manipulation [by the] plaintiff cannot ... be condoned.")

To avoid such manipulation, the Court held that a plaintiff's good faith claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount.  If the defendant meets that burden, removal is proper unless the Plaintiff shows that it is legally certain that his recovery will not exceed the amount stated in the state-court petition.  De Aguilar, 47 F.3d at 1412.  Article 893 allows a Louisiana plaintiff to generally allege that the amount controversy is less than the jurisdictional threshold for federal court, and the stipulation in this petition could be treated as such an allegation.  Even so, federal courts have held that an Article 893 allegation "may be disregarded if the defendant can show by a preponderance of the evidence that the claim is for more than the jurisdictional amount." In re 1994 Exxon Chemical Fire, 558 F.3d 378, 388 (5th Cir. 2009).

The plaintiffs in <u>De Aguilar</u> were the survivors of persons who were killed in a plane crash, yet they asserted in their state court petition that their damages did not exceed the $50,000 jurisdictional threshold then in place.  The Court treated the limitation as a claim for a specific amount of damages, $50,000, <u>De Aguilar</u>, 47 F.3d at 1408, and this court will treat the stipulation in this case the same.

The record strongly implies that Plaintiff's purported limitation on damages was not made in good faith, so it does not control under the basic rule of <u>St. Paul Mercury</u>.  No reasons have been articulated to support Plaintiff's reduction in the amount of its claim, and every indication is that the stipulation was offered in a straightforward attempt to manipulate the jurisdiction of the court.  Defendants have shown by Plaintiff's pre-suit demands that the actual amount in controversy does exceed $75,000.  This is not a personal injury claim or other suit for unliquidated damages where there is a reasonable range of damages, and a plaintiff might reasonably estimate her claim to fall under the jurisdictional threshold.  The actual damages that Plaintiff claims to have suffered—$79,480.23—were itemized and backed by supporting bills and documentation, with no unliquidated component.

Even if Plaintiff's demand were in good faith, Defendants have satisfied their burden of showing by a preponderance of the evidence that the amount in controversy is actually greater than the $75,000.  That makes it incumbent on Plaintiff to demonstrate that it is legally certain that Plaintiff's recovery will not exceed $75,000.  <u>De Aguilar</u> stated that a plaintiff might meet its burden in various ways.  It might cite a state law that prohibits recovery of damages in excess of those requested in the petition and that prohibits the initial

demand to be increased by later amendment.  Absent such a statute, a plaintiff who wants to prevent removal "must file a binding stipulation or affidavit" with their state court petition. De Aguilar, 47 F.3d at 1412.

Plaintiff has not pointed to any such Louisiana law, and it appears Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings.  Louisiana Code of Civil Procedure article 862 provides, generally, that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."  The Fifth Circuit noted Article 862 in Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 724 (5th Cir. 2002) as a basis to find that a plaintiff's "purported waiver of attorney's fees is ineffective" when the waiver was generally asserted in the petition but not backed by a binding stipulation that waived a claim to such fees.  And, despite Plaintiff's stipulation in paragraph 10 of the petition that "Petitioner stipulates that its damages do not exceed $74,999.99," the prayer asks for judgment "for such sums as the Court may direct or for any award justified under law for the damages sustained by Petitioner."  Thus, Plaintiff has not met its "legally certain" burden by pointing to state law that limits its recovery.

The other method by which Plaintiff may meet its burden is with a binding pre-removal stipulation filed with its state-court petition.  A number of Louisiana federal district court decisions have noted that Louisiana law does not limit plaintiffs to recovery of the damages requested in their petition. They have then concluded that if a plaintiff wishes to

make a pre-removal stipulation binding and avoid removal, the plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000. See, e.g., St. Augustine High School, Inc. v. Applewhite, 2011 WL 3423942, *3 (E. D. La. 2011); Levith v. State Farm Fire & Cas. Co., 2006 WL 2947906, *2 (E. D. La. 2006); Sterns v. Scottsdale Ins. Co., 2010 WL 2733771, *3 (E. D. La. 2010) (statement in petition that plaintiff's "claim does not exceed $75,000.00" was insufficient); and McGlynn v. Huston, 693 F.Supp.2d 585, 593 n.7 (M.D. La. 2010) (stipulation in petition that the total amount of damages suffered did not exceed $75,000 was not binding absent a waiver of greater amounts).[1]

For an example of a waiver that was deemed valid, in Engstrom v. L-3 Communications Gov't Svcs., Inc., 2004 WL 2984329 (E.D. La. 2004) the plaintiffs' petition stated that "[each plaintiff] affirmatively and knowingly waives entitlement to any damages ..., including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999." That waiver was deemed binding, and remand was granted. The Fifth Circuit cited Engstrom in In re 1994 Exxon Chemical Fire, 558 F.3d at 389 and distinguished it because: "In the instant actions, by contrast, the plaintiffs merely alleged that the amount

---

[1] McGlynn stated, in agreement with the Eastern District cases, that "for allegations within a state court petition to constitute a binding stipulation limiting damages below the federal jurisdictional minimum, warranting remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999.00. The plaintiff must expressly deny that he/she will accept more than $75,000.00 if the state court awards in excess of that amount." (citations omitted)

in controversy did not exceed the jurisdictional amount; they did not deny that they would *accept* more than $50,000." (Emphasis in original)  The same is true in this case.

Plaintiff did not make an express waiver in this case, and it did not affirmatively state that it would not accept more than $74,999.99.  It offered only that it "stipulates that its damages do not exceed $74,999.99," while at the same time praying for any award justified under law for the damages sustained.  Plaintiff offers no authority that this form of stipulation is binding under Louisiana law and not subject to revocation or revision by amendment of the petition later in the litigation.  Accordingly, Plaintiff has not met its "legally certain" burden by way of the stipulation language in its petition.

**Conclusion**

The stipulation, treated as a demand for $74,999.99 in damages, was not made in good faith as contemplated by <u>St. Paul Mercury</u>, so it does not control.  Even if it were made in good faith, Defendants may overcome it by showing by a preponderance of the evidence that the actual amount in controversy is, despite the amount claimed in the petition, greater than $75,000.  They have met that burden.  Plaintiff has not demonstrated that it is legally certain that the purported stipulation in its petition limits its recovery to a lesser amount.  Plaintiff's motion to remand should be denied.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 3) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2015.

Mark L. Hornsby
U.S. Magistrate Judge